UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------
LUCY AMADOR, et. al, on behalf of themselves
and all others similarly situated,

                                  *Plaintiffs*

-against-

SUPERINTENDENTS OF THE DEPARTMENT OF
CORRECTIONAL SERVICES ("DOCS")
ANGINELL ANDREWS, et. al

                                  *Defendants*

***MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT***

06:10 –cv-06702 (DGL) (JWF)

---------------------------------------------------------------------------

      Pursuant to the Local Rules of Civil Procedure (LRCP) 7 and LRCP 56, as well as Federal Rules of Civil Procedure 56, Defendant ROBERT SMITH, by and through his attorney, George V.C. Muscato, Esq., herein submits a Memorandum of Law in Support of Motion For Summary Judgment.

### *Standard of Law*

      "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" (Fed. R. Civ P. 56).

      The Supreme Court's Eighth Amendment decisions recognize that the Amendment prohibits punishments that are "inconsistent with contemporary standards of decency and repugnant to the conscience of mankind" (Whitley v. Albers, 475 U.S. 312, 327 [1986]). Courts must conduct a two-step inquire to identify contemporary standards of decency. First, the alleged punishment must be "objectively, sufficiently serious" (Boddie v. Schneider, 105 F.3d 857, 861 [2nd Cir. 1997] [*citing* Farmer v. Brennan, 511 U.S. 825, 834 (1977)]). "Under the objective standard, 'conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional" (Boddie at 861 [*citing* Rhodes v. Chapman, 452 U.S. 337

1

(1987)]). Second, the prison official involved must have a "sufficiently culpable state of mind" (Boddie at 861 [*citing* Farmer at 834]). Severe or repetitive sexual abuse of an inmate by a prison officer can be "objectively, sufficiently serious" enough to constitute an Eighth Amendment violation (Boddie at 861).

Generally, a plaintiff must demonstrate that an incident or series of incidents were sufficiently egregious to be "objectively, sufficiently serious" to the point where such actions resulted in the denial of "the minimal civilized measure of life's necessities" and posed a substantial risk of serious harm to the inmate (Johnson v. Enu, 2011 WL 3439179 [N.D.N.Y. 2011]; Boddie at 861; Trammel v. Keane, 338 F.3d 155, 161 [2nd Cir. 2003]).

A "small number of incidents" in which a prisoner is verbally harassed, touched or pressed against without her consent is not sufficient, individually or in the aggregate, to constitute an Eighth Amendment violation (Boddie at 861 [allegation that corrections officer twice bumped into inmate's chest so hard he could feel her nipples and on another time corrections officer bumped into him "with her whole body vagina against penis pinning [him] to the door" is not sufficient as an Eighth Amendment claim]; Silvagnoli v. Fischer, 2010 WL 1063849 [N.D.N.Y. 2010] [allegation that corrections officer grabbed inmate from behind, massaged his shoulders, and tried to grab the front of his "groin area" is not sufficient as an Eighth Amendment claim]; Davis v. Castleberry, 364 F.Supp.2d 319, 321 [W.D.N.Y. 2005] [allegation that corrections officer grabbed inmate's penis during pat frisk is insufficient to state constitutional claim]; Morrison v. Cortright, 397 F.Supp.2d 424, 425 [W.D.N.Y. 2005] [allegations that a corrections officer touched plaintiff's buttocks, and that another "rubbed up against plaintiff['s] buttocks with [the officer's] private part" during a strip search describe an isolated incident unaccompanied by physical injury, and therefore are not sufficiently serious to

establish a constitutional claim]; Montero v. Crusie, 153 F.Supp.2d 368, 373, 375 [S.D.N.Y.2001] [allegation that corrections officer squeezed inmate's genitalia during pat-frisks on several occasions does not show sufficiently serious deprivation to establish Eighth Amendment violation, particularly when inmate did not allege that he was physically injured by such conduct]).

### *Application of Law to Instant Matter*

Much like the cases outlined above, the allegations against Defendant ROBERT SMITH are isolated, minimally invasive toward Plaintiff, and not "objectively, sufficiently serious" to violate Plaintiff's Eighth Amendment rights. Notably, Plaintiff alleges four (4) incidents that occurred over a six (6) month period. Two of those incidents are properly termed "sexual harassment" at most, and do not rise to the level of "sexual abuse." The remaining two incidents, even if accepted to be true, are no more egregious than the allegations in the cases cited above. As such, Plaintiff's claim against Defendant SMITH pursuant to 42 U.S.C. §1983 should be dismissed as a matter of law.

Dated: February 14, 2012

MUSCATO, DiMILLO & VONA, LLP
George V.C. Muscato, Esq.
*Attorney for Defendant Robert Smith*
107 East Avenue
Lockport, NY 14094
(716) 434-9177

3