UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

LUCY AMADOR, et. al, on behalf of themselves
and all others similarly situated,

                                            *Plaintiffs*

-against-

SUPERINTENDENTS OF THE DEPARTMENT OF
CORRECTIONAL SERVICES ("DOCS")
ANGINELL ANDREWS, et. al

                                            *Defendants*

*RESPONDING MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT*

06:10 –cv-06702 (DGL) (JWF)

------------------------------------------------------------------------

Defendant ROBERT SMITH, by and through his attorney, George V.C. Muscato, Esq., herein submits a Responding Memorandum of Law in Support of Motion For Summary Judgment.

*Timeliness of Motion*

Per the Federal Rules of Civil Procedure 56(b), "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."

However, FRCP 6(b)(1)(B) permits the Court to extend such time for filing upon motion and a finding of "excusable neglect" as demonstrated by the party seeking the extension. Such a determination is necessarily on a case-by-case basis. "[I]t is not surprising ... that in applying Rule 6(b), the Courts of Appeals have generally recognized that 'excusable neglect' may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant" (Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 391-92 [1993]).

1

In the instant action, Defendant Smith complied with Judge Duffy's order pertaining to the filing of dispositive pre-trial motions. However, Defendant Smith failed to address the issue presented in the instant motion because of a misinterpretation of the language contained in Judge Duffy's Order (*see* Responding Affidavit in Support of Motion for Summary Judgment).

### *Violation of Eighth Amendment*

Plaintiff must prove two elements to sustain a claim under the Eighth Amendment. First, the alleged punishment must be "objectively, sufficiently serious" (Boddie v. Schneider, 105 F.3d 857, 861 [2nd Cir. 1997] [*citing* Farmer v. Brennan, 511 U.S. 825, 834 (1977)]). "Under the objective standard, 'conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional" (Boddie at 861 [*citing* Rhodes v. Chapman, 452 U.S. 337 (1987)]). Second, the prison official involved must have a "sufficiently culpable state of mind" (Boddie at 861 [*citing* Farmer at 834]).

Defendant Smith has focused on the first element in the instant motion because, unlike the subjective element, it is capable of adjudication as a matter of law. In Boddie, the Second Circuit Court of Appeals addressed all of the same concerns raised by Plaintiff in opposition to Defendant's motion, including the possibility that some actions by officers have an independent penological justification. However, without addressing whether the defendant in Boddie had any penological justification for his actions, the Court still determined that Plaintiff Boddie "failed to state an Eighth Amendment claim. [Boddie] asserts a small number of incidents in which he allegedly was verbally harassed, touched, and pressed against without his consent. No single incident that he described was severe enough to be 'objectively, sufficiently serious.' Nor were the incidents cumulatively egregious in the harm they inflicted" (Boddie at 861). The Second Circuit Court of Appeals further stated, "The isolated episodes of harassment and touching

2

alleged by Boddie are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court" (Boddie at 861 [*citing* Farmer]).

Much of Plaintiff's argument presumes that this Court will disregard the Second Circuit Court of Appeals' analysis in Boddie. However, the analysis set forth in Boddie pertaining to the objective element of Plaintiff's cause of action is as applicable today as it was fifteen years ago.

## *Conclusion*

Defendant Smith respectfully asserts that "excusable neglect" has been proven by Defendant, and as such the instant motion should be determined on its merits. Because Plaintiff cannot prove the objective element of a cause of action under the Eighth Amendment as a matter of law, Plaintiff's claim against Defendant Smith should be dismissed.

Dated: April 20, 2012

*[signature]*
MUSCATO, DiMILLO & VONA, LLP
George V.C. Muscato, Esq.
*Attorney for Defendant Robert Smith*
107 East Avenue
Lockport, NY 14094
(716) 434-9177