UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BETTE JEAN MCDONALD,

              Plaintiff

v.

JOHN E. GILBERT, III,

              Defendant.

_____

Memorandum in opposition to
Plaintiff's motion in limine
Admissibility under Rule 415

10 Civ. 06702 (DGL) (JWF)

       Defendant JOHN E. GILBERT III, by and through his attorneys, HoganWillig, submits a memorandum of law in opposition to plaintiff's motion seeking admissibility of testimony of Kristina Muehleisen and Corilynn Lorenzo pursuant to Rule 415.

       Plaintiff claims a violation of her Eighth Amendment right to be free from cruel and unusual punishment, and seeks to admit in support of her claim allegations of consensual sexual conduct between Defendant and a woman other than Plaintiff. FRE 415 permits evidence from prior victims of claims of sexual assault, a crime or act that constitutes a "crime of assault" without consent of the victim, to be introduced in a civil claim. FRE 415, however, is tempered by FRE 403, where the court engages an analysis of probative value of the testimony against unfair prejudice. One court has noted that "without the safeguards embodied in Rule 403 we would hold [FRE 415] unconstitutional." *United States v. Enjady,* 134 F.3d 1427, 1433 (10th Cir.1998). Defendant denies all Plaintiff's allegations and those of witnesses Kristina Muehleisen and Corilynn Lorenzo respecting sexual advances and assaults.

1

Additionally, FRE 415 limits the admissibility of such evidence "as provided in Rule 413". See, FRE 415 (a). Rule 413(d), in turn, defines that the "offense of sexual assault" <u>means a crime</u>". (emphasis supplied).

The court must undertake a balancing exercise and determine whether Defendant's actions constituted the offense of sexual misconduct and that based upon the preponderance of evidence a jury could find Defendant committed the act. *See, Johnson v. Elk,* 283 F.3d 138, 144 (3rd Cir. 2002).

## CORILYNN LORENZO

Corilynn Lorenzo testified that she engaged in a consensual sexual relationship with Defendant, removing her testimony from the embrace of Rule 415 for use in a civil claim because it does not meet the requirements of a sexual assault. (Exhibit A to Licata Affirmation) [testimony includes statements that Lorenzo wanted Defendant to kiss her Tr. 95:10; that she believed she was in love with Defendant Tr. 106:19].

In *Boddie v. Schneider,* 105 F.3d 857 (2nd Cir. 1997), it was recognized that incidents amounting to inappropriate touching and verbal harassment do not create *per se* violations of a prisoner's Eighth Amendment rights. Consistent with the *Boddie* foundation, courts have rejected the proposition that consensual sex between adults becomes assault in a civil matter because it occurs in a prison. In fact, in 2010 the Northern District of New York rejected the analysis that "just because for criminal prosecution purposes an inmate is considered incapable of providing consent, this necessarily equates to, in terms of civil right vindication, a finding that the 'consensual' relationship between [an inmate] and a [guard] *per se* violated the Federal Constitution." *McGregor v. Jarvis,* (2010 WL 3724133 (N.D.N.Y.)).

Because Lorenzo's claimed in her testimony that the relationship she had with Defendant was a consensual sexual relationship, even if it were to be believed, it cannot be presented as sexual assault evidence in this civil matter pursuant to Rules 415, 413 and 403.

### KRISTINA MUEHLEISEN

By letter dated February 1, 2000, Kristina Muehleisen allegedly communicated with Sgt. William Bailey that she had encounters with Defendant. (Exhibit B to Licata affirmation.) In the letter there is no mention of Defendant exposing his penis or of any physical contact between Defendant and Muehleisen. Muehleisen's letter states she was not afraid of Defendant and fails to describe acts that constitute sexual assault by Defendant. She did not see his penis and when he demanded a 'blow job' from her she ran away. A second letter dated February 1, 2000, a letter not addressed to any specific recipient, sets forth the information again, and again there is no mention of physical contact sufficient to support a claim of sexual assault of Muehleisen by Defendant (Exhibit C to Licata Affirmation). Ms. Muehleisen was interviewed by IG investigator Frank Polizzi who took her statement, dated April 7, 2000, which also has no mention of physical contact that would support a claim for sexual assault of Muehleisen by Defendant (Exhibit D to Licata Affirmation). It is only at the deposition in June 2007 that Muehleisen recounts a "two to three second" contact of forced fellatio.

Defendant denies any of these acts happened. (Exhibit E to Licata affirmation, excerpts of deposition transcript of John E. Gilbert III, dated August 7, 2007).

The preponderance of the evidence is that the past act was not a sexual assault as defined by Rule 413 and Muehleisen should not be permitted to testify respecting the alleged encounter. The evidence is that on three separate occasions Muehleisen had an opportunity to inform Sgt. Bailey, whom she trusted because she knew him from Bedford Correctional Facility,

3

Superintendent Andrews, whom she also trusted (Exhibit F to Licata Affirmation, excerpt of deposition of Kristina Muehleisen, dated June 25, 2007), and investigator Pellizi.  There is no mention that she viewed Defendant's penis, or that she was forced to perform fellatio upon him, or that there was any physical contact comprising sexual assault.  The allegations do not meet the specificity required under *Enjady* to the degree that the prior act claimed by Muehleisen has been proven to have occurred.  *See, Enjady at* 1433 citing M. Sheft, *Federal Rule of Evidence 413: A Dangerous New Frontier*, 33 Am.Crim. L.Rev. 57*,* 59, n. 16 [setting forth factors regarding admissibility:  "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence"].

Under the circumstances of Muehleisen's history and previous recitations of the events she claims to have happened, a jury could not reasonably find by a preponderance of the evidence that Defendant sexually assaulted her and as such her testimony should be precluded.

The proposed testimony of Lorenzo and Muehleisen would permit Plaintiff to "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo."  *Huddleston v. United States,* 405 U.S. 681, 689 (1988).   For the foregoing reasons, Plaintiff's motion *in limine* should be denied.

Dated: June 25, 2012

                                                            <u>s/John B. Licata</u>
                                                            John B. Licata, Esq.
                                                            HOGANWILLIG
                                                            *Attorney for Defendant John E. Gilbert III*
                                                            2410 North Forest Road, Suite 301
                                                            Getzville, New York 14068
                                                            (716) 636-7600