UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUCY AMADOR, a/k/a LUCY TASAMA,

                Plaintiff,

                                        ORDER

                                        10-CV-6702L

            v.

SERGEANT MICHAEL GALBREATH,

                Defendant.
_____

**INTRODUCTION**

      Plaintiff, Lucy Amador (now Lucy Tasama) ("Tasama"), a Columbian national, was confined as an inmate at the Albion Correctional Facility in December 2001. During that time she was sexually assaulted by defendant, Sergeant Michael Galbreath ("Galbreath"), who was then a corrections officer at the facility.

      Subsequent to Tasama's release, she and several other plaintiffs commenced this class action against a number of Department of Correctional Services personnel, alleging violations of their constitutional rights pursuant to 42 U.S.C. §1983. Tasama asserted claims against Albion corrections officers Robert Smith and Galbreath. Although served with the complaint, Galbreath defaulted and the Clerk entered Default (Dkt. #397) on September 27, 2012. Tasama moved for a default judgment (Dkt. #406).

      The Court held a damages inquest pursuant to FED. R. CIV. P. 55(b)(2) on January 25, 2013 (Dkt. #402) and heard testimony from Dr. Denise Hien, a clinical psychologist with over eighteen years of experience in evaluating female trauma victims. The Court also received medical records chronicling Tasama's care and treatment, as well as videotaped deposition testimony from Tasama,

and records pertaining to Galbreath's guilty plea to second degree sexual abuse and official misconduct in Supreme Court, Orleans County on April 26, 2002.

The issues before this Court are whether default judgment should be granted, and if granted, the proper amount of damages that should be awarded to Tasama in this §1983 action alleging sexual assault by Correction Officer Galbreath. In light of the evidence presented, I find by a preponderance of the evidence that the Tasama is entitled to default judgment, and to an order of compensatory damages in the sum of $250,000, and punitive damages in the sum of $250,000.

## DISCUSSION

According to Tasama's deposition testimony and other records, in December 2001 Tasama was less than three months away from a scheduled early release date, after serving approximately two years of a four-year sentence for robbery and grand larceny. Under the pretense of interviewing her about a fight she may have witnessed, Galbreath escorted Tasama to an isolated basement room in the Administrative Building, where he forced her to perform oral sex on him, ignoring her pleas for him to stop, and made forcible oral sexual contact with her. Afterward, Galbreath attempted to wipe up evidence of the assault with toilet paper, instructed Tasama to rinse out her mouth with a bottle of water, and threatened her that if she told anyone about what he had done, he would take steps to ensure that her scheduled early release date was canceled.

Tasama reported the attack a few days later, and managed to preserve a piece of clothing stained with Galbreath's semen. When Tasama's complaint was investigated, additional evidence attributed to Galbreath, which corroborated Tasama's account, was found at the scene of the assault, including Galbreath's jacket, a water bottle, semen stains on the floor and a chair, and toilet paper in a wastebasket. Tasama was thereafter placed in "protective" solitary confinement for two weeks, and ultimately was forced to waive her early release date for 89 days in order to delay her imminent deportation and prevent the investigation of her complaint from being closed due to her absence. In contrast, after pleading guilty to second degree sexual assault and official misconduct, Galbreath was sentenced to serve 45 days in jail.

**I.     Motion for Default Judgment**

In order to obtain a default judgment, a party must first secure the clerk's entry of default by demonstrating, by affidavit or otherwise, that the opposing party is in default. *See* Fed. R. Civ. Proc. 55(a); *J&J Sports Prods. v. Bimber*, 2008 U.S. Dist. LEXIS 39174 at *2 (W.D.N.Y. 2008). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. *Id.*, 2008 U.S. Dist. LEXIS 39174 at *3-*4 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

The Clerk has entered Galbreath's default and Tasama has shown that she is entitled to judgment against him based on his total failure to respond to the allegations asserted in the complaint. However, the Court cannot take at face value that Tasama is entitled to the judgment she seeks. Rather, "judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court. . . . Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." *Bianco v. Seaway Indus. Services, Inc.*, 2004 WL 912916, *1 (W.D.N.Y. Apr. 01, 2004) (internal citations and quotations omitted); *see also Enron Oil Corp. v. Masonori Diakuhara*, 10 F.3d 90, 95-96 (2d Cir.1993). The Court, therefore, must evaluate the merits of the underlying claim and the relief sought. *See Wagstaff-el v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir.1990). Furthermore, the Second Circuit cautions that "defaults are generally disfavored and are reserved for rare occasions," and when there is doubt as to the propriety of default relief, "the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

I have reviewed the Tasama's allegations, and the appreciable amount of documentary and testimonial evidence she has submitted in support of them, in detail. Based upon that evidence, I accept as true Tasama's allegations that Galbreath forced her to participate in sexual acts against her will, and I am convinced that Tasama has established her claims based on sexual abuse, and is entitled to default judgment on those claims.

## II. Compensatory and Punitive Damages

According to Dr. Hien, the attack by Galbreath triggered and exacerbated Tasama's pre-existing post-traumatic stress disorder ("PTSD"), which was the result of a pitiable history of childhood sexual abuse, domestic violence, gang rape, and sexual harassment by a different corrections officer at Albion. The attack by Galbreath caused a sudden and intense flare-up of PTSD which, in the two years prior to the attack, had been controlled enough that Tasama had not sought mental health counseling or medication during her incarceration. Dr. Hien testified, and Tasama's medical records indicate, that after the December 2001 attack, Tasama complained of intrusive thoughts, nightmares, anxiety, flashbacks, and fear and avoidance of men, particularly those in uniform. Today, Tasama continues to have difficulty functioning and maintaining employment, allegedly in part because of the estrangement that she feels from society and her family because of the assault, and her avoidance of close relationships with men. She complains of depression, disinterest in activities, nightmares and flashbacks to the attack, bouts of crying and feelings of hopelessness. She has intermittently undergone mental health treatment and taken anti-anxiety medications to treat some of her PTSD symptoms. Dr. Hien testified that based on her interviews with Tasama and her review of the relevant medical records, she believes that Tasama's symptoms are consistent with "Complex PTSD," a diagnosis that recognizes the more intense PTSD symptoms present in a victim who has been exposed to chronic or repeated trauma in the past.

The Court must award damages in an amount that will fairly and adequately compensate plaintiff for her physical and emotional suffering. In this case there are no appreciable physical injuries, but Tasama's psychological and emotional suffering is intense and has persisted for several years. I credit plaintiff's testimony concerning the change in her mental state and anxiety level subsequent to the attack. I accept Dr. Hien's testimony that Tasama suffers from the symptoms of Complex PTSD, and that those symptoms are persistent and continuing results of Galbreath's assault on her.

I have also considered state and federal court decisions discussing awards in similar circumstances. *E.g., Mathie v. Fries,* 121 F.3d 808 (2d Cir. 1997) (award of $250,000 in

compensatory damages and $200,000 in punitive damages is appropriate where corrections officer sexually abused and forcibly sodomized inmate); *Ortiz v. Lasker*, 2010 U.S. Dist. LEXIS 89394 (W.D.N.Y. 2010) (awarding $250,000 in compensatory and $250,000 in punitive damages to inmate raped twice by corrections officer). *See generally Trinidad v. City of Boston*, 2011 U.S. Dist. LEXIS 26416 at *19 and n. 5 (D. Mass. 2011) (collecting cases and noting that compensatory damages for "sexual assault and rape of inmates or detainees by prison guards and corrections officers have ranged from $100,000 to $500,000"). I also observe that the distress of the plaintiff inmate is not only exacerbated by her prior history of sexual and physical abuse, but is also "invariably aggravated by the fact that the acts were committed by a jailer upon an inmate in his custody." *Mathie,* 121 F.3d 808 at 814. Given the circumstances of Galbreath's assault on plaintiff and the symptoms it has engendered, I find that compensatory damages of $250,000 and punitive damages of $250,000 are appropriate.

## CONCLUSION

In light of all the above, plaintiff's motion for default judgment (Dkt. #406) is granted. I award plaintiff Lucy Tasama (formerly Lucy Amador) the sum of $250,000 for compensatory damages and $250,000 in punitive damages, for a total award of $500,000. Tasama may have judgment accordingly against defendant Michael Galbreath.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 24, 2013.