FILED JUL 03 2013 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LUCY AMADOR,

        Plaintiff,

    v.

ROBERT SMITH,

        Defendant.

AMENDED PRETRIAL ORDER

10CV6702JWF

## I. SCHEDULE

**Trial**:

This case is hereby ordered for trial on **Monday, November 4, 2013**. Jurors will arrive at 8:30 a.m. and jury selection will commence at 9:00 a.m. Once a jury has been selected, we will proceed immediately with opening statements and presentation of testimony. This is a day-certain trial date which will not be adjourned.

**Pretrial Conference**:

A pretrial conference is scheduled for **October 15, 2013 at 11:00 a.m.** in my chambers. Unless excused by the Court, the attorney who will try the case must be present at the pretrial conference. Each side must be prepared to exchange at the conference the material listed in Part II.

## II. PRETRIAL CONFERENCE

1. **Jury Trial**:

The following must be prepared by each party for the pretrial conference.

    1. <u>Voir Dire</u> Material

    2. Trial Material

    3. Instruction Material

A. <u>Voir Dire Material</u>:

Each party must prepare a document entitled "<u>Voir Dire</u> Information" containing the following material: (Each page must be three-hole-punched for insertion into a notebook and each item of information must be on a separate sheet.)

    1. A short description of the case to be read to the jury to identify the case and the claims and defenses at issue.

    2. The full name and address of the client. Include here the name of any corporate representative that intends to appear at trial for the client.

    3. The full name and address of counsel, including assistants.

    4. A list of prospective witnesses that are expected to be called at trial, including adverse party witnesses. A copy of this list must be provided to the court reporter at the commencement of trial. Also list here witnesses that you intend to introduce by reading depositions. Indicate that the witness will be a "deposition witness."

For proper identification to the jury and for use by the Court, this list, which must be on a separate sheet of paper, should include:

    (i) The full name of the witness.

    (ii) The occupational association of the witness, e.g., FBI, Eastman Kodak Company, Delta Laboratories, etc.

(iii) The address of witness.

(iv) A short summary statement (one or two sentences) of the general subject matter expected to be covered by the witness.

5. A list of proposed questions you wish the Court to ask the jury on voir dire.

The Court will conduct some voir dire and has many standard questions that it asks of every prospective panel. Upon request, the Court will allow counsel to question the jury.

B. Trial Material:

Each party must prepare the following:

1. Exhibits and Exhibit List:

Each party must prepare an exhibit list containing those exhibits that the party anticipates introducing in its direct case. These lists must be prepared on forms supplied by the Clerk's Office and must contain a brief description of the proposed exhibit.

All exhibits shall be denominated by number. Plaintiff shall use numbers 1 through 399; defendant shall use numbers 400 through 699 and third-party defendants shall use numbers 700 through 899.

Each exhibit must be physically tagged with the appropriate colored sticker (pink for plaintiff, blue for defendant and third-party defendants), and each exhibit must be physically numbered prior to commencement of trial.

A complete copy of the exhibit list must be given to the court reporter at the commencement of trial.

Parties do not have to mark at the pretrial conference those exhibits that may only be used on cross-examination for impeachment of a witness or to refresh the recollection of any witness.

Except for good cause, the Court will not allow introduction into evidence of exhibits unless they are listed on the exhibit list submitted at the pretrial conference.

COPIES OF EACH DOCUMENTARY EXHIBIT, PHOTOGRAPH, CHART OR OTHER PAPER MUST BE DUPLICATED FOR THE ADVERSE PARTY AND EXCHANGED AT THE PRETRIAL CONFERENCE UNLESS THE PROPONENT CERTIFIES THAT THE DOCUMENT HAS ALREADY BEEN COPIED OR EXCHANGED DURING DISCOVERY, OR IF THE DOCUMENT CANNOT BE COPIED, THAT IT IS AVAILABLE FOR INSPECTION.

2. **Exhibit Book**:

In any trial where a party marks more than fifty (50) documentary exhibits, an exhibit book must be prepared containing copies of the exhibits. This book will consist of a three-ring binder with tabs for each exhibit. The proponent must prepare a binder for each party, the Court, and a binder for use of witnesses on the stand.

3. **Charts, Demonstrative Evidence and Physical Evidence**:

All charts not intended to be offered into evidence, other demonstrative evidence or items of physical evidence, must be made available for examination in Rochester or some other mutually agreeable place for a review at least two (2) business days before they are offered in evidence or displayed to the jury.

4. **Expert Testimony**:

   The identity of all experts that will be called as witnesses must be provided to the Court. The proponent must also provide a brief summary of the ultimate opinions that will be rendered by the expert.

   Note Well: The testimony of experts will be limited to the opinions and the grounds for each opinion set forth in answers to expert interrogatories. See Fed. R. Civ. P. 26(a)(2)(B). The parties are responsible for taking steps to supplement any expert interrogatories to be in full compliance with this Rule.

5. **Deposition Testimony and Discovery Material**:

   Each side must prepare and exchange an itemized list of deposition testimony (with page and line references), that it intends to use in its direct case. The parties should attempt to reconcile and resolve any disputes as to admissibility between the time of the pretrial conference and trial.

   At the commencement of trial, the objecting party must file, in writing, a document listing its objections to the opponent's deposition material and the basis for that objection. If no objections are received, it will be deemed to be a waiver of objections to the proffered deposition testimony. The Court must be provided with copies of the depositions if there are objections to be resolved.

6. **Damages**:

   Plaintiff must prepare an itemized statement of each element of special damages.

7. **Legal and Evidentiary Issues**:

All parties should prepare a detailed statement as to issues of law involved in the case and any unusual questions relative to the admissibility of evidence, trial procedure or substantive issues. This submission should include legal authority.

The Court expects the parties to raise these potential issues at the pretrial conference, or as soon as they become evident, so that the Court and the parties will have adequate time to consider the issues.

C. Instruction Material:

At the pretrial conference, in a separate document, plaintiff must supply the Court with two copies, and all parties with one copy, of its proposed charge on the substantive matters raised in the complaint, that is, the law relating to the causes of action pleaded including damages.

Each charge should be listed on a separate page with supporting authority or the source of the instruction listed at the bottom.

Each charge should also contain a notation at the bottom, "Given ____; Not Given ____; Given in Substance ____."

If counsel requests "form" instructions from form books, for example, Sand, Modern Federal Jury Instructions; Devitt & Blackmar, Federal Jury Practice and Instructions, or New York Pattern Jury Instruction (PJI), it will be sufficient to list the section number and a brief description of the charge.

The Court has standard general instructions that it routinely gives, but it is the burden of counsel to make specific requests for special instructions relating to, for example, evidentiary issues, limiting instructions, impeachment matters, etc.

If defendant objects to plaintiff's proposed charge, or if defendant has other alternative charges to submit, they must be submitted <u>on the day prior to commencement of the trial</u>.

I certainly understand that matters may develop during trial that will require instructions, but the essential elements of the claims and defenses should be set forth before trial commences. Preparation of instructions before trial is important because the court, from time to time, may instruct the jury on some issues in the case at the <u>commencement</u> of the trial in addition to the conclusion of the trial.

### III.  **NOTES ABOUT TRIAL PROCEDURE**

1. **Jury Selection**:

Concerning jury selection, the parties should be familiar with Local Rule 19. The Court will use the "struck jury system" as described in Local Rule 19, pursuant to Rule 48 of the Federal Rules of Civil Procedure, there will be no "alternate" jurors and all jurors selected will participate in the verdict.

The Court will limit peremptory challenges as provided in Local Rule 19; 28 U.S.C. § 1870; Fed. R. Civ. P. 48.

Plaintiff's counsel will exercise peremptory challenges first by writing the name and number of the juror on the strike sheet that will be provided. The strike sheet will then go to the defendant who will make his/her own strike by writing the name and number of a juror. The strike sheet will then come to the Court who will announce the jurors that have been excused.

If you do not exercise a challenge during a particular round, you lose only that peremptory challenge and you may make other peremptory challenges in later rounds against anyone in the box.

2. **Trial Schedule, Procedure, Exhibits, etc.**:

It is expected that we will maximize jury time as much as possible. This means that the Court will not engage in lengthy bench conferences or conferences in chambers concerning matters that could have been resolved before the jury arrives, during the luncheon recess or in the evening. When the jury is scheduled to appear, it is expected that we will begin proof at that time. Therefore, it is the burden of counsel, if they anticipate problems, to notify the Court so that time can be set aside when the jury is not present to resolve those issues. If necessary, the Court may direct the parties to appear 30-60 minutes before the jury arrives each day to resolve problems.

The parties are responsible for having witnesses available. The Court will take witnesses out of turn to accommodate witnesses.

At least by the evening before each day's session, counsel must advise the opponent and the Court of those witnesses expected to be called the following day.

The Court will set time limits for opening statements and closing arguments, and it is expected that counsel will adhere to those limits.

Exhibits that have been received into evidence must be kept on the table between the lecterns during court proceedings. During evening recesses, each side will be responsible for maintaining custody of its exhibits and returning them to Court the next day (unless other arrangements are made with the Court).

Counsel need not ask permission to approach a witness with a document, but otherwise questioning should be done from no closer than the lectern.

IT IS SO ORDERED.

_____
JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated: Rochester, New York
       July 3, 2013